# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

AMC PROPERTY HOLDINGS, LLC, *et al.*,

    Plaintiffs,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,

    Defendants.

Case No. 2:13–cv–1591–RFB–VCF

**ORDER**

MOTION FOR A MORE DEFINITE STATEMENT (#31)

This matter involves AMC Property Holdings' civil rights action against the Las Vegas Metropolitan Police Department and several individual police officers. Before the court is the officers' Motion for a More Definite Statement (#31[1]). Metro filed a joinder (#32), AMC Property opposed (#33), and the officers replied (#36). For the reasons stated below, the officers' Motion for a More Definite Statement (#31) is denied.

## BACKGROUND

On June 22, 23, and 24, 2012, the Mongols Motorcycle Club held their annual national meeting at the Boulder Inn & Suites in Boulder City, Nevada. (Compl. (#1) at ¶ 18–19). The Mongols reserved the entire hotel for its use and closed the premises to the public. (*Id*. at ¶ 19).

On May 14, 2012, the Mongols' attorney contacted Boulder City Police Chief Thomas Finn. (*Id*. at ¶ 20). The Mongols' attorney told Finn about the event, invited the Boulder City Police to participate in planning the meeting, and offered to answer any questions that Finn might have. (*Id*.)

---

[1] Parenthetical citations refer to the court's docket.

1

Two weeks later, members of the Mongols and the Police Department assembled for a meeting. (*Id*. at ¶ 21). Finn announced that law enforcement personnel from outside of Boulder City would be present and that he would lead their efforts. (*Id*. at ¶ 22). The Mongols' attorney responded, stating that the meeting was a private event on private property and the police were not welcome to attend. (*Id*. at ¶ 23).

Despite the Mongols' statement that the police were not welcome on the property, Finn allegedly led members of the Las Vegas Metropolitan Police Department into the Boulder Inn & Suites on three occasions to install video cameras and recording equipment. (*Id*. at ¶¶ 24, 26). Surveillance equipment was allegedly installed to "record[] every part of the outside of the Boulder Inn & Suits' private property, including those parts of the property that are guarded by high privacy walls and closed off to the general public." (*Id*. at ¶ 25). AMC Property also alleges that Finn lacked a warrant or probable cause to enter the property. (*Id*. at ¶ 26).

The Mongols' attorney, who also owns the Boulder Inn & Suites, attempted to file a complaint with the Boulder City Police Department; but he was allegedly ignored. (*Id*. at ¶ 27). The attorney then contacted Finn to report the trespass. (*Id*. at ¶ 28). Finn allegedly responded, "quit bitching." (*Id*.)

Three lawsuits followed. Two are relevant here. The first was filed by the Mongols' attorney, Stephen Stubbs, on behalf of the Southern Nevada Confederation of Clubs and scores of Mongols members against Metro and others. *See Southern Nevada Confederation of Clubs, Inc., et al. v. Las Vegas Metropolitan Police Department, et al.*, Case No. 2:12–cv–1093–RFB–VCF, Compl. #1 (D. Nev. June 25, 2012). Like this action, also filed by Stubbs, it alleges that members of the Boulder City Police Department and Metro entered the Boulder Inn & Suites to install surveillance equipment. *See* (Am. Compl. (#111) at ¶¶ 40–41, 148–49).

On April 1, 2015, the Defendants in this action filed the instant Motion for a More Definite Statement. It seeks an order compelling AMC Property to distinguish this action from the other action by identifying (1) what portion of the Boulder Inn & Suites remained in its possession during the Mongols' meeting and (2) what portion of the Boulder Inn & Suites was wrongfully subjected to surveillance. *See* (Doc. #31 at 1–2). This order follows.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(e) governs motions for a more definite statement. In pertinent part, it provides, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The Honorable Miranda M. Du, U.S. District Judge, recently explained the purpose of Rule 12(e) motions, writing"

> A motion for more definite statement pursuant to Rule 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail. Courts will deny the motion if the complaint is specific enough to give notice to the defendants of the substance of the claim asserted. A Rule 12(e) motion should be granted only if the complaint is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.

*Millenium Drilling Co., Inc. v. House-Meyers*, No. 2:12–cv–00462–MMD–CWH, 2013 WL 2152756, at *2 (D. Nev. May 16, 2013) (internal quotation marks and citations omitted). As stated in the Advisory Committee Notes, the focus of Rule 12(e) is on reasonableness. A Rule 12(e) motion should be granted "only in cases where the movant cannot reasonably . . . frame an answer . . . to the pleading in question." Fed. R. Civ. P. 12(e), Advisory Comm. Notes (1946).

## DISCUSSION

Defendants' motion is denied. AMC Property's complaint is not so unintelligible, vague, or ambiguous that Defendants cannot formulate a response. Defendants argues that Plaintiffs should be

3

compelled to distinguish this action from the prior lawsuit and identify which property was allegedly trespassed upon. A Rule 12(e) motion is not the proper device to resolve these questions. If Defendants believe this action is duplicative or another action, they may either move to consolidate or dismiss. If Defendants lack information regarding the underlying facts, they may propound discovery.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion for a More Definite Statement (#31) is DENIED.

IT IS SO ORDERED.

DATED this 25th day of May, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE